# Exhibit 2

Matthew G. Adams (CA Bar No. 229021)
(*Pro Hac Vice Pending*)
William C. Mumby (CA Bar No. 324540)
(*Pro Hac Vice Pending*)
Samantha R. Caravello (CO Bar No. 48793)
(*Pro Hac Vice Pending*)
KAPLAN KIRSCH & ROCKWELL LLP
One Sansome Street, Suite 2910
San Francisco, CA 94104
Tel: (415) 907-8704
Fax: (415) 907-8717
madams@kaplankirsch.com
wmumby@kaplankirsch.com
scaravello@kaplankirsch.com

Laura R. Jacobsen (NV Bar No. 13699)
ORMAT TECHNOLOGIES, INC.
6140 Plumas Street
Reno, NV 89519
Tel: (775) 356-9029
Fax: (775) 356-9039
ljacobsen@ormat.com

Darren J. Lemieux (NV Bar No. 9615)
Lucy C. Crow (NV Bar No. 15203)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, NV 89501-2128
Tel: (775) 823-2900
Fax: (775) 823-2929
dlemieux@lewisroca.com
lcrow@lewisroca.com

*Attorneys for Defendant-Intervenor-Applicant Ormat Nevada Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| The BURNING MAN PROJECT, FRIENDS OF BLACK ROCK/HIGH ROCK, INC., FRIENDS OF NEVADA WILDERNESS, DAVID JAMIESON, and ANDY MOORE, as individuals<br><br>Plaintiffs,<br><br>vs.<br><br>The UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, BLACK ROCK FIELD OFFICE, MARK HALL in his official capacity as Field Manager of the Black Rock Field Office of the Bureau of Land Management, and DEBRA HAALAND in her official capacity as Secretary of the Interior,<br><br>Defendants,<br><br>and ORMAT NEVADA INC.,<br><br>Defendant-Intervenor-Applicant. | Case No. 3:23-cv-00013-LRH-CSD<br><br><br>**ORMAT NEVADA INC.'S [PROPOSED] ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant-Intervenor-Applicant Ormat Nevada Inc. ("Ormat") answers Plaintiffs' Complaint (ECF No. 1) as set forth below.  Any factual admission in the Answer is admitted only as to the specific fact asserted and not as to any conclusions, characterizations, or inferences drawn therefrom.  Denial of any factual allegation is not an admission of the negative of such allegation.  Ormat denies each and every allegation not specifically admitted, qualified, or otherwise answered herein.  Ormat follows the format and organization of the Complaint solely for ease of reference; any assertion contained in any heading or other formatting of the Complaint is denied.

## INTRODUCTION

1.      Paragraph 1 consists of Plaintiffs' legal arguments characterizing their own claims, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

2.      Ormat admits the Gerlach Geothermal Exploration Project ("Project") is a geothermal exploration project that includes an Operations Plan, consistent with federal regulations.  Ormat further admits the Project is located within the Gerlach Geothermal Unit, which includes various leases held by Ormat.  Ormat further admits the approved Project allows construction of a geothermal resource confirmation project in Washoe County, Nevada. Ormat denies the remaining allegations in Paragraph 2.

3.      Ormat admits the Project was proposed to include up to 19 geothermal resource confirmation wells and well pads, approximately 2.8 miles of new and improved access roads, and associated facilities.  Ormat denies the remaining allegations in Paragraph 3.

4.      Ormat denies the allegations in Paragraph 4.

5.      The first, second, and third sentences of Paragraph 5 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.  The fourth and fifth sentences of Paragraph 5 consist of Plaintiffs' characterization of the Project's Environmental Assessment ("EA"), which speaks for itself

and is the best evidence of its contents.  To the extent the allegations in the fourth and fifth sentences of Paragraph 5 are inconsistent with the EA, Ormat denies them.

6.      Ormat denies the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

8.      The allegations in Paragraph 8 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

9.      The allegations in Paragraph 9 consist of Plaintiffs' legal arguments characterizing their own claims and requests for relief, to which no response is required.  To the extent any response is required, Ormat denies the allegations and affirmatively alleges Plaintiffs are entitled to no relief whatsoever.

## JURISDICTION AND VENUE

10.      The allegations in Paragraph 10 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

11.      The allegations in Paragraph 11 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

12.      The allegations in Paragraph 12 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

## PARTIES

13.      Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14.      Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15.      Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16.      Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 16 and therefore denies

them.  The fourth sentence of Paragraph 16 consists of legal arguments, to which no response is required.  To the extent any response to the allegations in the fourth sentence of Paragraph 16 is required, Ormat denies the allegations.

17.    Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 17 and therefore denies them.  As to the second sentence of Paragraph 17, Ormat admits BMP has expressed interest in energy development (including geothermal energy development) on the 360 Property, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

18.    Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 18 and therefore denies them.  As to the second sentence of Paragraph 18, Ormat admits the Bureau of Land Management's ("BLM") approved action would allow well pads near the 360 Property, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

19.    Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20.    Ormat admits the town of Gerlach has fewer than 200 residents.  Ormat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies them.

21.    Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22.    The first sentence of Paragraph 22 purports to characterize the contents of a Congressional document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the first sentence of Paragraph 22 are inconsistent with the referenced Congressional document, Ormat denies them.  To the extent any response to the allegations in the first sentence of Paragraph 22 is required, Ormat lacks knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore denies them.  The remaining allegations in Paragraph 22 consist of legal arguments, to which no response is required.  To the extent the remaining allegations in Paragraph 22 require any response, Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

23.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 23 and therefore denies them.  The allegations in the fourth sentence of Paragraph 23 consist of Plaintiffs' legal arguments characterizing their own claims, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

24.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

25.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26.     Ormat specifically denies any "inevitable industrial scale geothermal production project."  Ormat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore denies them.

27.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 28 and therefore denies them.  The fifth sentence of Paragraph 28 purports to characterize a portion of the EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the fifth sentence of Paragraph 28 are inconsistent with the EA, Ormat denies them.

29.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 29 and therefore denies them.

30.     Ormat admits one of the wells proposed as part of the Project is near the

property containing the Great Boiling Springs.  The remaining allegations of Paragraph 30 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

31.     Paragraph 31 consists of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

32.     Ormat denies BLM ignored any comments.  The remaining allegations of Paragraph 32 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

33.     Ormat admits the allegations in Paragraph 33.

34.     Ormat admits the allegations in Paragraph 34.

35.     Ormat admits the allegations in Paragraph 35

36.     Ormat admits the allegations in Paragraph 36.

## LEGAL FRAMEWORK

### *The National Environmental Policy Act*

37.     Paragraph 37 consists of legal arguments, to which no response is required.  Paragraph 37 also purports to characterize sections of the National Environmental Policy Act ("NEPA") and a federal regulation, which speak for themselves and are the best evidence of their contents.  To the extent any response is required, Ormat denies any allegations in Paragraph 37 inconsistent with the referenced sections of NEPA or the referenced federal regulation.

38.     Paragraph 38 consists of legal arguments, to which no response is required.  Paragraph 38 also purports to characterize NEPA, which speaks for itself and is the best evidence of its contents.  To the extent any response is required, Ormat denies any allegations inconsistent with NEPA.

39.     Ormat admits the Council on Environmental Quality is a division of the Executive Office of the President.  The remaining allegations in in the first sentence of Paragraph 39 consist of legal arguments, to which no response is required.  To the extent any

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

response is required, Ormat denies the allegations.  The allegations in the second and third sentences of Paragraph 39 purport to characterize a Draft EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the second and third sentences of Paragraph 39 are inconsistent with the Draft EA, Ormat denies them.

40.     Ormat admits federal agencies may promulgate their own NEPA regulations and issue agency-specific NEPA guidance.  Ormat admits the Department of the Interior has promulgated NEPA regulations and issued Departmental Manuals.  Ormat admits some Departmental Manuals are available on the Department of the Interior's website.  To the extent the allegations in Paragraph 40 purport to characterize regulations and Departmental Manuals, the referenced regulations and Departmental Manuals speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 40 are inconsistent with regulations and Departmental Manuals, Ormat denies them.  The remaining allegations in Paragraph 40 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

41.     Ormat admits there is a BLM NEPA Handbook, H-1790-1, dated January 2008 ("NEPA Handbook").  The remaining allegations in Paragraph 41 purport to characterize the NEPA Handbook, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 41 are inconsistent with the NEPA Handbook, Ormat denies them.

42.     The allegations in Paragraph 42 purport to characterize a federal regulation and a Departmental Manual, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 42 are inconsistent with the referenced regulation or the Departmental Manual, Ormat denies them.  The remaining allegations of Paragraph 42 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

43.     The allegations in Paragraph 43 purport to characterize NEPA and federal regulations, which speak for themselves and are the best evidence of their contents.  To the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

extent the allegations in Paragraph 43 are inconsistent with NEPA or federal regulations, Ormat denies them.  The remaining allegations of Paragraph 43 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

44.     The allegations in Paragraph 44 purport to characterize a regulation, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 44 are inconsistent with the referenced regulation, Ormat denies them.  The remaining allegations of Paragraph 44 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

45.     The allegations in Paragraph 45 purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 45 are inconsistent with the referenced federal regulation, Ormat denies them.  The remaining allegations of Paragraph 45 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

46.     The allegations in Paragraph 46 purport to characterize the NEPA Handbook, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 46 are inconsistent with the NEPA Handbook, Ormat denies them.  The remaining allegations of Paragraph 46 consist of legal argument to which no response is required.  To the extent any response is required, Ormat denies the allegations.

47.     The allegations in Paragraph 47 purport to characterize a federal regulation and a Departmental Manual, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 47 are inconsistent with the referenced federal regulation or Departmental Manual, Ormat denies them.  The remaining allegations in Paragraph 47 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

48.     The allegations in Paragraph 48 purport to characterize a Departmental Manual and the NEPA Handbook, which speak for themselves and are the best evidence of their

contents.  To the extent the allegations in Paragraph 48 are inconsistent with the referenced Departmental Manual or the NEPA Handbook, Ormat denies them.  The remaining allegations in Paragraph 48 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

49.     The allegations in Paragraph 49 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 49 are inconsistent with the referenced federal regulations, Ormat denies them.  The remaining allegations in Paragraph 49 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

50.     The allegations in Paragraph 50 purport to characterize regulations, a Departmental Manual, and the NEPA Handbook, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 50 are inconsistent with the referenced regulations, Departmental Manual, or the NEPA Handbook, Ormat denies them.  The remaining allegations in Paragraph 50 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

51.     The allegations in Paragraph 51 purport to characterize regulations and the NEPA Handbook, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 51 are inconsistent with the referenced regulations or the NEPA Handbook, Ormat denies them.  The remaining allegations in Paragraph 51 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

52.     The allegations in Paragraph 52 purport to characterize regulations, a Departmental Manual, and the NEPA Handbook, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 52 are inconsistent with the referenced federal regulations, Departmental Manual, or NEPA Handbook, Ormat denies them.  The remaining allegations in Paragraph 52 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 52

is required, Ormat denies the allegations.

53.     The allegations in Paragraph 53 purport to characterize a regulation, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 53 are inconsistent with the referenced regulation, Ormat denies them.  The remaining allegations in Paragraph 53 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 53 is required, Ormat denies the allegations.

54.     The allegations in Paragraph 54 purport to characterize a federal regulation and the NEPA Handbook, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 54 are inconsistent with the referenced federal regulation or the NEPA Handbook, Ormat denies them.  The remaining allegations in Paragraph 54 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 54 is required, Ormat denies the allegations.

55.     The allegations in Paragraph 55 purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 55 are inconsistent with the referenced regulation, Ormat denies them.  The remaining allegations in Paragraph 55 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

### *The Federal Land Policy and Management Act*

56.     The allegations in Paragraph 56 purport to characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 56 are inconsistent with FLPMA, Ormat denies them.  The remaining allegations in Paragraph 56 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

57.     The allegations in Paragraph 57 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

58.     The allegations in Paragraph 58 purport to characterize a Resource Management Plan ("RMP"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 58 are inconsistent with the referenced RMP, Ormat denies them.  The remaining allegations in Paragraph 58 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

59.     The allegations in Paragraph 59 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 59 are inconsistent with the referenced RMP, Ormat denies them.

60.     The allegations in Paragraph 60 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 60 are inconsistent with the RMP, Ormat denies them.

61.     The allegations in Paragraph 61 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 61 are inconsistent with the referenced RMP, Ormat denies them.

62.     The allegations in Paragraph 62 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 62 are inconsistent with the RMP, Ormat denies them.

63.     The allegations in Paragraph 63 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 63 are inconsistent with the RMP, Ormat denies them.

64.     The allegations in Paragraph 64 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 64 are inconsistent with the referenced RMP, Ormat denies them.

65.     The allegations in Paragraph 65 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 65 are inconsistent with the referenced RMP, Ormat denies them.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*The Administrative Procedure Act*

66.    The allegations in Paragraph 66 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 66 are inconsistent with the APA, Ormat denies them.  The remaining allegations in Paragraph 66 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

## FACTUAL ALLEGATIONS

67.    The allegations in the first and fourth sentences of Paragraph 67 purport to characterize a BLM press release, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 67 are inconsistent with the referenced press release, Ormat denies them.  Ormat admits it previously contemplated a geothermal development project.  Ormat affirmatively alleges the geothermal development project was withdrawn.  Ormat denies the remaining allegations in Paragraph 67.

68.    Ormat admits some Plaintiffs have objected to the notion of a geothermal power plant.  Ormat has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 68 and therefore denies them.

69.    Ormat admits the geothermal development project was withdrawn.  The remaining allegations in the first sentence of Paragraph 69 purport to characterize a Draft Public Pre-Scoping Report, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the first sentence of Paragraph 69 are inconsistent with the Draft Public Pre-Scoping Report, Ormat denies them.  The second, third, fifth, sixth, and seventh sentences of Paragraph 69 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations and affirmatively alleges its geothermal development plan was withdrawn.  As to the fourth sentence of Paragraph 69, Ormat admits geothermal resources are present in the area but denies the remaining allegations and, further, affirmatively alleges the presence of geothermal springs is insufficient to determine the nature, extent, or commercial viability of geothermal resources.

70.    The allegations in Paragraph 70 purport to characterize a BLM News Release, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 70 are inconsistent with the referenced BLM News Release, Ormat denies them.

71.    The allegations in Paragraph 71 purport to characterize a Draft EA and supporting documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 71 are inconsistent with the Draft EA or supporting documents, Ormat denies them.  Ormat admits a Draft EA was released to the public.  Ormat denies any remaining allegations in Paragraph 71.

72.    The allegations in Paragraph 72 purport to characterize an EA and comments on the EA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 72 are inconsistent with the EA or the referenced comments, Ormat denies them.  Ormat has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in the Paragraph 72 and therefore denies them.

73.    The allegations in Paragraph 73 purport to characterize a Decision Record and a monitoring plan, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 73 are inconsistent with the referenced Decision Record or monitoring plan, Ormat denies them.  The remaining allegations in Paragraph 73 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

74.    The allegations in Paragraph 74 purport to characterize a Finding of No Significant Impact ("FONSI"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 74 are inconsistent with the FONSI, Ormat denies them.  The remaining allegations in Paragraph 74 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

75.    The allegations in Paragraph 75 purports to characterize a FONSI, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 75 are inconsistent with the FONSI, Ormat denies them.  The remaining allegations in Paragraph

75 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

### *The Environmental Assessment is inadequate.*

76.     The allegations in Paragraph 76 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

77.     The allegations in Paragraph 77 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 77 are inconsistent with the EA, Ormat denies them.

78.     Ormat denies the allegations in the first sentence of Paragraph 78.  The allegations in the second sentence of Paragraph 78 consist of legal arguments, to which no response is required.  To the extent any response to the allegations in the second sentence of Paragraph 78 is required, Ormat denies the allegations.  The allegations in the third and fourth sentences of Paragraph 78 purport to characterize a regulation and the NEPA Handbook, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulation or the NEPA Handbook, Ormat denies them. The remaining allegations in Paragraph 78 consist of legal arguments, to which no response is required.  To the extent any response to the remaining arguments in Paragraph 78 is required, Ormat denies the allegations.

79.     The allegations in the first and second sentences of Paragraph 79 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 79 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

### *The Project will have a direct impact on the resources of the Black Rock NCA.*

80.     The allegations in Paragraph 80 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

81.     The allegations in Paragraph 81 purport to characterize the Black Rock Desert-

High Rock Canyon Emigrant Trails National Conservation Area Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 81 are inconsistent with the Black Rock Desert-High Rock Canyon Emigrant Trails National Conservation Area Act, Ormat denies them.  The remaining allegations in Paragraph 81 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

82.    The allegations in Paragraph 82 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 82 are inconsistent with the referenced RMP, Ormat denies them.  The remaining allegations in Paragraph 82 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

83.    Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 83 and therefore denies them.  Ormat specifically denies geothermal exploration cannot be separated from production.  The remaining allegations in Paragraph 83 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 83 is required, Ormat denies the allegations.

84.    The allegations in Paragraph 84 purport to characterize an EA and a FONSI, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 84 are inconsistent with the EA or the FONSI, Ormat denies them.  The remaining allegations in Paragraph 84 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

85.    The allegations in Paragraph 85 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 85 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 85 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 85 is required, Ormat denies the allegations.

ORMAT NEVADA INC.'S [PROPOSED] ANSWER

86.     The allegations in Paragraph 86 purport to characterize Nevada Senate Bill 52, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 86 are inconsistent with Senate Bill 52, Ormat denies them.  The remaining allegations in Paragraph 86 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 86 is required, Ormat denies the allegations.

87.     The allegations in Paragraph 87 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 87 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 87 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 87 is required, Ormat denies the allegations.

88.     The allegations in Paragraph 88 purport to characterize an EA and a FONSI, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 88 are inconsistent with the EA or the FONSI, Ormat denies them. The remaining allegations in Paragraph 88 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 88 is required, Ormat denies the allegations.

***The Project will cause irreversible impacts to unique streams and associated ecosystems.***

89.     The allegations in Paragraph 89 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 89 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 89 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 89 is required, Ormat denies the allegations.

90.     The allegations in Paragraph 90 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 90 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 90 consist of legal arguments, to which no response is required.  To the extent any response to the

remaining allegations in Paragraph 90 is required, Ormat denies the allegations.

91.     The allegations in Paragraph 91 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 91 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 91 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 91 is required, Ormat denies the allegations.

92.     The allegations in Paragraph 92 purport to characterize an EA and a FONSI, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 92 are inconsistent with the EA or the FONSI, Ormat denies them.  The remaining allegations in Paragraph 92 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

93.     The allegations in Paragraph 93 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 93 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 93 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

94.     The allegations in Paragraph 94 purport to characterize an EA and a FONSI, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 94 are inconsistent with the EA or the FONSI, Ormat denies them.  The remaining allegations in Paragraph 94 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

95.     The allegations in Paragraph 95 purport to characterize a monitoring plan and a Decision Record, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 95 are inconsistent with the monitoring plan or the Decision Record, Ormat denies them.  The remaining allegations in Paragraph 95 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

ORMAT NEVADA INC.'S [PROPOSED] ANSWER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*The proposed Project alternatives were unreasonable and lacking.*

96.   The second sentence in Paragraph 96 purports to characterize a regulation, which speaks for itself and is the best evidence of its contents.   To the extent the allegations in Paragraph 96 are inconsistent with the regulation, Ormat denies them.   The remaining allegations in Paragraph 96 consist of legal arguments to which no response is required.   To the extent any response is required, Ormat denies the allegations.

97.   The allegations in Paragraph 97 purport to characterize a "Citizen's Guide to NEPA" publication, which speaks for itself and is the best evidence of its contents.   To the extent the allegations in Paragraph 97 are inconsistent with the publication, Ormat denies them.  The remaining allegations in Paragraph 97 consist of legal arguments to which no response is required.   To the extent any response is required, Ormat denies the allegations.

98.   The allegations in Paragraph 98 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.   To the extent the allegations in Paragraph 98 are inconsistent with the EA, Ormat denies them.   The remaining allegations in Paragraph 98 consist of legal arguments to which no response is required.   To the extent any response is required, Ormat denies the allegations.

99.   The allegations in Paragraph 99 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.   To the extent the allegations in Paragraph 99 are inconsistent with the EA, Ormat denies them.   The remaining allegations in Paragraph 99 consist of legal arguments, to which no response is required.   To the extent any response to the remaining allegations in Paragraph 99 is required, Ormat denies the allegations.

## FIRST CLAIM FOR RELIEF

*BLM's Final EA, FONSI, and Decision Record Violate NEPA and the APA.*

100.   Ormat re-states its answers to Paragraphs 1–99 of Plaintiffs' Complaint.

101.   The allegations in Paragraph 101 purport to characterize the APA, which speaks for itself and is the best evidence of its contents.   To the extent the allegations in Paragraph 101 are inconsistent with the APA, Ormat denies them.   The remaining allegations in

Paragraph 101 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

102.   The allegations in Paragraph 102 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 102 are inconsistent with the referenced regulations, Ormat denies them.  The remaining allegations in Paragraph 102 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

103.   The allegations in Paragraph 103 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

104.   The allegations in Paragraph 104 purport to characterize a regulation and NEPA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 104 are inconsistent with the regulation or NEPA, Ormat denies them.  The remaining allegations in Paragraph 104 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

105.   The allegations in Paragraph 105 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

106.   The allegations in Paragraph 106 purport to characterize NEPA and a federal regulation, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 106 are inconsistent with NEPA or the referenced regulation, Ormat denies them.  The remaining allegations in Paragraph 106 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

107.   The allegations in Paragraph 107 purport to characterize a FONSI, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 107 are inconsistent with the FONSI, Ormat denies them.  The remaining allegations in Paragraph 107 consist of legal argument to which no response is required.  To the extent any response is required, Ormat denies the allegations.

108.   The allegations in Paragraph 108 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

109.   The allegations in Paragraph 109 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 109 are inconsistent with the referenced regulations, Ormat denies them.  The remaining allegations in Paragraph 109 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

110.   The allegations in Paragraph 110 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

111.   The allegations in Paragraph 111 purport to characterize NEPA and a regulation, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 111 are inconsistent with NEPA or the regulation, Ormat denies them.  The remaining allegations in Paragraph 111 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

112.   The allegations in Paragraph 112 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 112 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 112 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 112 is required, Ormat denies the allegations.

113.   The allegations in Paragraph 113 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

## SECOND CLAIM FOR RELIEF

### *BLM's NEPA Documents and Approval of the Operations Plan Violate FLPMA.*

114.   Ormat re-states its answers to Paragraphs 1–113 of Plaintiffs' Complaint.

115.   The allegations in Paragraph 115 purport to characterize sections of FLPMA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 115 are inconsistent with the referenced sections of FLPMA, Ormat

denies them.  The remaining allegations in Paragraph 115 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

116.   The allegations in Paragraph 116 purport to characterize FLPMA and federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 116 are inconsistent with FLPMA or the referenced federal regulations, Ormat denies them.  The remaining allegations in Paragraph 116 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

117.   The allegations in Paragraph 117 purport to characterize the Black Rock Desert-High Rock Desert Emigrant Trails National Conservation Area Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 117 are inconsistent with the Black Rock Desert-High Rock Desert Emigrant Trails National Conservation Area Act, Ormat denies them.  The remaining allegations in Paragraph 117 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

118.   The allegations in Paragraph 118 purport to characterize a section of FLPMA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 118 are inconsistent with the referenced section of FLPMA, Ormat denies them.  The remaining allegations in Paragraph 118 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

## REQUEST FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' request for relief, to which no response is required.  To the extent any response is required, Ormat denies that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

Ormat hereby denies all allegations, whether express or implied, including any

allegations reflected in section headings, in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

A. Plaintiffs fail to state a claim upon which relief may be granted.

B. Plaintiffs lack standing to assert some or all of their claims.

C. Some or all of Plaintiffs' claims are barred by statute.

D. Some or all of Plaintiffs' claims are barred by the ripeness doctrine.

E. Some or all of Plaintiffs' claims are barred because they failed to exhaust administrative remedies.

F. Plaintiffs have waived some or all of their claims.

G. Some or all of Plaintiffs' alleged injuries do not fall within the interests protected by statute.

H. Ormat incorporates by reference the defenses asserted or to be asserted in forthcoming filings, including filings by any other defendant in this action.

DATED: March 17, 2023

By: _____

Matthew G. Adams (CA Bar No. 229021)
William C. Mumby (CA Bar No. 324540)
Samantha R. Caravello (CO Bar No. 48793)
KAPLAN KIRSCH & ROCKWELL LLP
One Sansome Street, Suite 2910
San Francisco, CA  94104
Tel: (415) 907-8704
Fax: (415) 907-8717
madams@kaplankirsch.com
wmumby@kaplankirsch.com
scaravello@kaplankirsch.com

Laura R. Jacobsen (NV Bar No. 13699)
ORMAT TECHNOLOGIES, INC.
6140 Plumas Street
Reno, NV  89519
Tel: (775) 356-9029
Fax: (775) 356-9039
ljacobsen@ormat.com

Darren J. Lemieux (NV Bar No. 9615)
Lucy C. Crow (NV Bar No. 15203)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, NV 89501-2128
Tel: (775) 823-2900
Fax: (775) 823-2929
dlemieux@lewisroca.com
lcrow@lewisroca.com

*Attorneys for Defendant-Intervenor-Applicant*
*Ormat Nevada Inc.*