TODD KIM
Assistant Attorney General

CHRISTOPHER C. HAIR (PA Bar No. 306656)
AMANDA K. RUDAT (ME Bar No. 010329)
Trial Attorneys
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0420 (Hair)
(202) 305-0575 (Rudat)
christopher.hair@usdoj.gov
amanda.rudat@usdoj.gov

*Attorneys for Federal Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| The BURNING MAN PROJECT, FRIENDS OF BLACK ROCK/HIGH ROCK, INC., FRIENDS OF NEVADA WILDERNESS, SUMMIT LAKE PAIUTE TRIBE OF NEVADA, GERLACH PRESERVATION SOCIETY, and DAVID JAMIESON, ANDY MOORE, WILL ROGER PETERSON, NANCI PETERSON, JASON WALTERS, DAVE COOPER, MARGIE REYNOLDS, and STACEY BLACK, as individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>The UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, BLACK ROCK FIELD OFFICE, and DEBRA HAALAND in her official capacity as Secretary of the Interior,<br><br>        Defendants. | Case No. 3:23-cv-00013-LRH-CSD<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

1

The United States Department of the Interior ("Interior"), United States Bureau of Land Management ("BLM"), BLM Black Rock Field Office, and Debra Haaland in her official capacity as Secretary of the Interior (collectively, "Federal Defendants"), hereby state the following in response to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (ECF No. 31, "Amended Complaint").  All allegations in the corresponding numbered paragraphs of this Answer are to the allegations in the corresponding numbered paragraphs and sections of the Amended Complaint.  Any allegations not expressly admitted, denied, or qualified are denied.

1.   The allegations in Paragraph 1 are a characterization of Plaintiffs' action to which no response is required.  To the extent any response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law.

2.   Regarding the first sentence of Paragraph 2, Federal Defendants admit that ORNI 26 LLC, a subsidiary of Ormat Nevada, Inc. (collectively, "Ormat"), submitted an operations plan for the Gerlach Geothermal Exploration Project ("Exploration Project") under 43 C.F.R. § 3261.12, which was approved by BLM with modifications as described in the Decision Record ("DR") for the Exploration Project.  Federal Defendants admit the allegations in the second and third sentences of Paragraph 2.

3.   Federal Defendants admit that the allegations in the first sentence of Paragraph 3 accurately describe the Exploration Project as proposed by Ormat.  Federal Defendants respectfully direct the Court to the DR for the details of the Exploration Project as approved by BLM.  Federal Defendants deny the remaining allegations in Paragraph 3.

4.   Federal Defendants deny the allegations in the first sentence of Paragraph 4. With respect to the second sentence of Paragraph 4, Federal Defendants admit that the authorized proposed wells are located near hot springs, but lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence and deny them on that basis.  Federal Defendants admit that the hot springs are used for tourism.  The allegation that the hot springs serve as a water source is vague and ambiguous as to who the springs serve

as a water source for, and the allegation is denied on that basis.  Federal Defendants admit that the hot springs are ecologically important and are located near residences.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the third, fourth, and fifth sentences of Paragraph 4 and deny them on that basis. Federal Defendants deny the allegations in the sixth sentence of Paragraph 4.

5.      Federal Defendants deny the allegations in the first, second, and third sentences of Paragraph 5.  The allegations in the fourth and fifth sentences of Paragraph 5 purport to characterize the provisions of the Environmental Assessment ("EA") for the Exploration Project, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

6.      Federal Defendants deny the allegations in Paragraph 6.

7.      Federal Defendants deny the allegations in Paragraph 7.

8.      Federal Defendants deny the allegations in Paragraph 8.

9.      Federal Defendants deny the allegations in Paragraph 9.

10.      Federal Defendants deny the allegations in the first and last sentences of Paragraph 10.  The remaining allegations in Paragraph 10 purport to characterize the provisions of the National Historic Preservation Act ("NHPA") and the Winnemucca District Resource Management Plan ("WDRMP"), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

11.      The allegations in the first sentence of Paragraph 11 constitute Plaintiffs' description of the statutory nature of their suit and conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants admit the allegations in the first sentence.  Federal Defendants deny the allegations in the second sentence of Paragraph 11.

12.      Federal Defendants admit the allegations in footnote 2.  The remaining allegations in Paragraph 12 constitute Plaintiffs' characterization of their case and conclusions of

law, to which no response is required.  To the extent any response is required, Federal Defendants deny each of the allegations, deny any violations of law, and deny that Plaintiffs are entitled to any relief.

13.     The allegations in Paragraph 13 constitute Plaintiffs' description of the statutory nature of their suit and conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny each of the allegations.

14.     The allegations in Paragraph 14 constitute Plaintiffs' description of the statutory nature of their suit and conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny each of the allegations.

15.     The allegations in Paragraph 15 are conclusions of law that require no response.  To the extent a response is required, Federal Defendants admit that venue is proper in this Court.

16.     Federal Defendants admit that BLM granted the Burning Man Project ("BMP") and its predecessor Black Rock City, LLC Special Recreation Permits ("SRPs") authorizing them to hold the Burning Man Event on public lands within the Black Rock Desert-High Rock Canyon Emigrant Trails National Conservation Area ("Black Rock NCA") from 1992 through 1996, 1998 through 2019, and in 2022.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and deny them on that basis.

17.     Federal Defendants admit that BLM granted BMP and its predecessors SRPs authorizing them to hold the Burning Man Event on public lands within the Black Rock NCA from 1992 through 1996, 1998 through 2019, and in 2022.  Federal Defendants deny that BMP currently holds a permit from BLM to conduct the Burning Man Event in 2023.  The remaining allegations in Paragraph 17 purport to characterize the provisions of the Black Rock Desert-High Rock Canyon Emigrant Trails National Conservation Area Act of 2000 ("NCA Act") and the BLM Black Rock Desert-High Rock Canyon Emigrant Trails National Conservation Area and Associated Wilderness, and Other Contiguous Lands in Nevada Record of Decision and

Resource Management Plan ("Black Rock RMP"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NCA Act or the Black Rock RMP.

18.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 18 and deny them on that basis. Regarding the fourth sentence of Paragraph 18, Federal Defendants admit that BLM has developed "Leave No Trace" standards for the Burning Man Event, but deny the remaining allegations in this sentence.

19.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 19 and deny them on that basis. Regarding the third sentence of Paragraph 19, Federal Defendants admit that people travel to Gerlach, but lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the third sentence. Federal Defendants deny the allegations in the last sentence of Paragraph 19.

20.     Federal Defendants admit the allegations in the first sentence of Paragraph 20. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and deny them on that basis.

21.     With respect to the first sentence of Paragraph 21, Federal Defendants admit that portions of the Area of Interest ("AOI") abut the 360 Property but deny that the AOI totally surrounds it. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence and deny them on that basis. The allegations in the second sentence of Paragraph 21 purport to characterize the provisions of the DR, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the DR. The allegations in the third sentence of Paragraph 21 are vague and ambiguous as to whom, when, and how the alleged concerns were expressed, and Federal Defendants deny the allegations in the third sentence on that basis.

22.     Federal Defendants admit that the Black Rock NCA was created by the NCA Act.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and deny them on that basis.

23.     Federal Defendants admit that Gerlach, Nevada is the closest town to the Black Rock NCA.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and deny them on that basis.

24.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25.     The allegations in the first and second sentences of Paragraph 25 purport to characterize the provisions of the NCA Act, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.  Federal Defendants admit the allegations in the third sentence of Paragraph 25.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 25 and deny them on that basis.

26.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in first, second, and third sentences of Paragraph 26 and deny them on that basis.  The allegations in the fourth sentence of Paragraph 26 constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent any response is required, Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations and deny them on that basis.

27.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 28 and deny them on that basis.  The allegations in the third sentence of Paragraph 28 constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent any response is

required, Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations and deny them on that basis.

29.     For purposes of this lawsuit, Federal Defendants admit the allegations in the first through fourth sentences of Paragraph 29.  Regarding the third sentence, Federal Defendants admit that the Summit Lake Paiute Tribe has interests in land within the AOI, but lack information and knowledge as to the specific interests being referenced.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the sixth and seventh sentences of Paragraph 29 and deny them on that basis.

30.     Federal Defendants admit that the Exploration Project is located in Washoe County, Nevada.  Federal Defendants deny that the Exploration Project will inevitably lead to an industrial scale geothermal production project.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the first two sentences of Paragraph 30 and deny them on that basis.  The allegations in the last sentence of Paragraph 30 purport to characterize comments submitted to BLM by members of the Gerlach Preservation Society, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the comments.

31.     Federal Defendants admit that the Exploration Project is located in Washoe County, Nevada.  Federal Defendants deny that the Exploration Project will inevitably lead to an industrial scale geothermal production project.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and deny them on that basis.

32.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 and deny them on that basis.

33.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 and deny them on that basis.

34.     Federal Defendants admit that the Great Boiling Springs are a network of natural pools and mud pots that range in temperature from about 95 degrees Fahrenheit, but Federal Defendants lack knowledge of the upper bounds of the temperature range.  Federal Defendants deny that the mud pots are "mud volcanoes."  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 34 and deny them on that basis.  The allegations in the fifth sentence of Paragraph 34 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

35.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35 and deny them on that basis.

36.     Federal Defendants admit the allegations in the first sentence of Paragraph 36.  Federal Defendants admit that a proposed well is located near the Great Boiling Springs, but deny that the Exploration Project will have a significant impact on the Great Boiling Springs and any other remaining allegations in Paragraph 36.

37.     Federal Defendants deny the allegations in Paragraph 37.

38.     Federal Defendants deny the allegations in Paragraph 38.

39.     Federal Defendants deny the allegations in Paragraph 39.

40.     Federal Defendants deny the allegations in Paragraph 40.

41.     Federal Defendants deny the allegations in the first, fourth, fifth, and sixth sentences of Paragraph 41.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 41 and deny them on that basis.  The allegations in the third sentence of Paragraph 41 are conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

42.     The first and second sentences of Paragraph 42 are vague and ambiguous as to what comments are being referenced and what issues those comments raised, and Federal

Defendants deny the allegations in these sentences on that basis.  Federal Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

43.     Federal Defendants admit the allegations in Paragraph 43.

44.     Federal Defendants admit the allegations in Paragraph 44.

45.     Federal Defendants admit the allegations in Paragraph 45.

46.     Regarding the allegations in Paragraph 46, Federal Defendants admit that Mark Hall was the Field Manager of the BLM Nevada, Winnemucca District, Black Rock Field Office at the time the DR was issued, but aver that Mr. Hall is no longer employed by BLM. Federal Defendants deny that the Amended Complaint lists Mr. Hall as a defendant.  The Black Rock Field Office Field Manager position is currently vacant.

47.     The allegations in Paragraph 47 purport to characterize the provisions of the National Environmental Policy Act ("NEPA") and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

48.     The allegations in Paragraph 48 purport to characterize the provisions of NEPA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

49.     The allegations in Paragraph 49 purport to characterize the provisions of NEPA, its regulations, the Draft EA, and the Final EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute, regulations, Draft EA, and Final EA.

50.     The allegations in Paragraph 50 purport to characterize Interior's NEPA regulations and Department Manuals ("DMs"), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations and DMs.  Federal Defendants admit the allegations in footnote 4.

51.     The allegations in Paragraph 51 purport to characterize a policy handbook issued by BLM, H-1790-1 ("Handbook"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the handbook.  Federal Defendants admit the allegations in footnote 5.

52.     The allegations in Paragraph 52 purport to characterize the provisions of NEPA, its regulations, and an Interior DM, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute, regulations, and DM.

53.     The allegations in Paragraph 53 and footnote 6 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

54.      The allegations in Paragraph 54 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

55.     The allegations in Paragraph 55 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

56.     The allegations in Paragraph 56 purport to characterize the Handbook, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Handbook.

57.     The allegations in Paragraph 57 purport to characterize the provisions of NEPA, its regulations, and an Interior DM, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute, regulations, and DM.

58.     The allegations in Paragraph 58 purport to characterize the provisions of the Handbook and an Interior DM, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Handbook and DMs.

59.     The allegations in Paragraph 59 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

60.     The allegations in Paragraph 60 purport to characterize the provisions of NEPA and its regulations, an Interior DM, and the Handbook, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute, regulations, DM, and Handbook.

61.     The allegations in Paragraph 61 purport to characterize the provisions of NEPA, its regulations, and the Handbook, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute, regulations, and Handbook.

62.     The allegations in Paragraph 62 purport to characterize the provisions of NEPA, its regulations, an Interior DM, and the Handbook, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute, regulations, DM, and Handbook.

63.     The allegations in Paragraph 63 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

64.     The allegations in Paragraph 64 purport to characterize the provisions of NEPA, its regulations, and the Handbook, which speak for themselves and are the best evidence

of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute, regulations, and Handbook.

65.     The allegations in Paragraph 65 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

66.     The allegations in Paragraph 66 purport to characterize the provisions of the Federal Land Policy and Management Act ("FLPMA"), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

67.     The allegations in Paragraph 67 purport to characterize the provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

68.     Federal Defendants admit the allegations in Paragraph 68 to the extent they refer to the Black Rock RMP and WDRMP.

69.     The allegations in Paragraph 69 purport to characterize the provisions of the Black Rock RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Black Rock RMP.

70.     The allegations in the first sentence of Paragraph 70 purport to characterize the provisions of the WDRMP, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the WDRMP.  Federal Defendants admit the allegations in the second sentence of Paragraph 70.

71.     Federal Defendants admit the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 purport to characterize the provisions of the Black Rock RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Black Rock RMP.

73.     The allegations in Paragraph 73 purport to characterize the provisions of the Black Rock RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Black Rock RMP.

74.     The allegations in Paragraph 74 purport to characterize the provisions of the WDRMP, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the WDRMP.

75.     The allegations in Paragraph 75 purport to characterize the provisions of the Black Rock RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Black Rock RMP.

76.     The allegations in Paragraph 76 purport to characterize the provisions of the WDRMP, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the WDRMP.

77.     The allegations in Paragraph 77 purport to characterize the provisions of the Black Rock RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Black Rock RMP.

78.     The allegations in Paragraph 78 purport to characterize the provisions of the Black Rock RMP, which speak for themselves and are the best evidence of their contents.

Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Black Rock RMP.

79.    The allegations in Paragraph 79 purport to characterize the provisions of the Black Rock RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Black Rock RMP.

80.    The allegations in Paragraph 80 purport to characterize the provisions of the Black Rock RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Black Rock RMP.

81.    The allegations in Paragraph 81 purport to characterize the provisions of the WDRMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the WDRMP.

82.    The allegations in Paragraph 82 purport to characterize the provisions of the NHPA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

83.    The allegations in Paragraph 83 purport to characterize the provisions of the NHPA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

84.    The allegations in Paragraph 84 purport to characterize the provisions of the NHPA and National Register Bulletin 38, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and bulletin.

85.     The allegations in Paragraph 85 purport to characterize the provisions of the NHPA and Executive Order 13175, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and executive order.

86.     The allegations in Paragraph 86 purport to characterize the provisions of the NHPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

87.     The allegations in Paragraph 87 purport to characterize the provisions of the NHPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

88.     The allegations in Paragraph 88 purport to characterize the provisions of the NHPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

89.     The allegations in Paragraph 89 purport to characterize the provisions of Department of the Interior Joint Secretarial Order No. 3403, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Order.

90.     The allegations in Paragraph 90 purport to characterize the provisions of the Administrative Procedure Act ("APA"), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.

91.     The allegations in the first and fourth sentences of Paragraph 91 purport to characterize an October 1, 2020 press release issued by BLM, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the

plain language, meaning, and context of the press release.  Federal Defendants admit the allegations in the second and third sentences of Paragraph 91.

92.    Federal Defendants admit the allegations in the first sentence of Paragraph 92.  The allegations in the second sentence of Paragraph 92 purport to characterize written comments submitted to BLM, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the comments.

93.    The allegations in the first sentence of Paragraph 93 purport to characterize the January 2021 Draft Public Pre-Scoping Report issued by BLM, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the report.  Regarding the second sentence of Paragraph 93, Federal Defendants admit that Ormat submitted its operations plan for the Exploration Project after withdrawing its initial proposed geothermal utilization plan and development plan. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 93 and deny them on that basis. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 93 and deny them on that basis.  Federal Defendants deny the allegations in the third, fifth, sixth, and seventh sentences of Paragraph 93.

94.    The allegations in Paragraph 94 purport to characterize a News Release issued by the Black Rock Field Office on December 10, 2021, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the news release.

95.    The allegations in Paragraph 95 purport to characterize BLM's Draft EA and supporting documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Draft EA and supporting documents.

96.     The allegations in Paragraph 96 and footnote 7 purport to characterize BLM's Final EA and comments received from the public, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Final EA and public comments.

97.     The allegations in Paragraph 97 purport to characterize BLM's October 21, 2022 DR, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the DR.

98.     The allegations in Paragraph 98 purport to characterize BLM's Finding of No Significant Impact ("FONSI"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FONSI.

99.     The allegations in Paragraph 99 purport to characterize the FONSI, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FONSI.

100.    The allegations in the first sentence of Paragraph 100 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.  Federal Defendants deny the allegations in the second sentence of Paragraph 100.

101.    The allegations in the first sentence of Paragraph 101 purport to characterize the EA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.  Regarding the second sentence of Paragraph 101, Federal Defendants admit that the AOI covers 2,724 acres, but deny that the Exploration Project would use that entire area.  Federal Defendants admit the remaining allegations in the second sentence.  Federal Defendants admit the allegations in the third sentence of Paragraph 101.

102.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 102 and deny them on that basis.  The remaining allegations in Paragraph 102 purport to characterize the provisions of NEPA, its regulations, and the Handbook, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute, its regulations, and the Handbook.

103.     The allegations in the first sentence of Paragraph 103 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.  Federal Defendants deny the allegations in the second and third sentences of Paragraph 103.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 103 and deny them on that basis.  The allegations in the fifth sentence of Paragraph 103 purport to characterize the provisions of BLM's decision documents approving the Exploration Project, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the documents.  Federal Defendants deny the allegations in the sixth sentence of Paragraph 103.  The allegations in the last sentence of Paragraph 103 constitute legal conclusions to which no response is required.  To the extent any response is required, Federal Defendants deny the allegations in the last sentence.

104.     Federal Defendants deny the allegations in Paragraph 104.

105.     The allegations in the first, second, third, and fourth sentences of Paragraph 105 purport to characterize the provisions of the NCA Act, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 105.

106.     The allegations in the Paragraph 106 purport to characterize the provisions of the Black Rock RMP and WDRMP, which speak for themselves and are the best evidence of

1   their contents.  Federal Defendants deny any allegations inconsistent with the plain language,

2   meaning, and context of the Black Rock RMP and WDRMP.

3          107.    Federal Defendants lack information and knowledge sufficient to form a

4   belief as to the truth of the allegations in the first sentence of Paragraph 107 and deny them that

5   basis.  Federal Defendants deny the allegations in the second sentence of Paragraph 107.  The

6   allegations in the third sentence are vague and ambiguous as to the wilderness area in question,

7   and are denied on that basis.  The allegations in the fourth sentence of Paragraph 107 purport to

8   characterize the provisions of the EA, which speak for themselves and are the best evidence of

9   their contents.  Federal Defendants deny any allegations inconsistent with the plain language,

10  meaning, and context of the EA.  Federal Defendants deny the allegations in the last sentence of

11  Paragraph 107.

12         108.    The allegations in Paragraph 108 purport to characterize the provisions of the

13  EA and FONSI, as well as NEPA regulations, which speak for themselves and are the best

14  evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain

15  language, meaning, and context of the EA, FONSI, and regulations.

16         109.    The allegations in the first and second sentences of Paragraph 109 purport to

17  characterize the provisions of the EA, which speak for themselves and are the best evidence of

18  their contents.  Federal Defendants deny any allegations inconsistent with the plain language,

19  meaning, and context of the EA.  Regarding the third sentence of Paragraph 109, if private

20  landowners do not allow monitoring of springs or wells on their lands, the DR requires Ormat to

21  "drill the geothermal resource confirmation wells that are estimated to have the least potential

22  impact to these resources first."  DR at 27.  Federal Defendants admit that the DR does not

23  otherwise prohibit Ormat from drilling all wells at once or require Ormat to drill wells in a

24  certain order.  Federal Defendants deny the allegations in the fourth and fifth sentences of

25  Paragraph 109.

26         110.    The allegations in the first and second sentences of Paragraph 110 purport to

27  characterize the provisions of Nevada State Senate Bill 52, which speak for themselves and are

19

the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the bill.  Federal Defendants deny the allegations in the third sentence of Paragraph 110.

111.    The allegations in the first and sixth sentences of Paragraph 111 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.  Federal Defendants deny the allegations in the second, fifth, and seventh sentences of Paragraph 111.  Regarding the third sentence of Paragraph 111, Federal Defendants admit that the broader AOI region is used for recreation and provides access to dark night skies.  Regarding the fourth sentence of Paragraph 111, Federal Defendants admit that Gerlach benefits from tourism tied to recreation and events.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of any remaining allegations in the third and fourth sentences of Paragraph 111.

112.    The allegations in the first and second sentences of Paragraph 112 purport to characterize the provisions of the EA and FONSI, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and FONSI.  Federal Defendants deny the allegations in the third through sixth sentences of Paragraph 112.

113.    The allegations in the first sentence of Paragraph 113 purport to characterize public comments submitted to BLM, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the comments.  Federal Defendants deny the allegations in the second sentence of Paragraph 113.  The allegations in the third sentence of Paragraph 113 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

114.     Federal Defendants deny the allegations in the first, second, and fourth sentences of Paragraph 114.  The allegations in the third sentence of Paragraph 114 are vague and ambiguous regarding which geothermal operations Plaintiffs refer to, and Federal Defendants deny the allegations on that basis.

115.     The allegations in the first and second sentences of Paragraph 115 purport to characterize the provisions of the EA, Black Rock RMP, and WDRMP, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and RMPs.  The allegations in the first portion of the third sentence of Paragraph 115 are vague and ambiguous regarding the recognition of Guru Road as a site of "Americana Art," and Federal Defendants deny the allegations on that basis.  Federal Defendants admit the remaining allegations in the third sentence of Paragraph 115.  Federal Defendants deny the allegations in the fourth and fifth sentences of Paragraph 115.

116.     The allegations in the first two sentences of Paragraph 116 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.  Federal Defendants admit that there are wetlands within the AOI, that those wetlands provide habitat, and that some wetlands are hydrologically fed by spring discharge.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 116 and deny them on that basis.  The fourth sentence is vague and ambiguous as to the wetlands identified and are denied on that basis.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 116.

117.     The allegations in the first through fourth sentences of Paragraph 117 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language,

meaning, and context of the EA.  Federal Defendants deny the allegations in the fifth and sixth sentences of Paragraph 117.

118.     The allegations in Paragraph 118 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

119.     The allegations in the first, second, sixth, seventh, and eighth sentences of Paragraph 119 purport to characterize the provisions of the EA and FONSI, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and FONSI.  Federal Defendants deny the allegations in the third and ninth sentences of Paragraph 119.  The allegations in the fourth sentence of Paragraph 119 are vague and ambiguous regarding the development or developments in question, and Federal Defendants deny them on that basis.  The allegations in the fifth sentence are vague and ambiguous regarding the characteristics of the referenced reservoir, the type of damage alleged, and the alterations to water quantity, temperature, or quality described, and Federal Defendants deny the allegations on that basis.

120.     The allegations in the first sentence of Paragraph 120 are vague and ambiguous as to whom and in what manner Mr. Jamieson and BMP have raised concerns and as to what those concerns were, and Federal Defendants deny the allegations on that basis.  The allegations in the second sentence of Paragraph 120 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 120 and deny them on that basis.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 120.  The allegations in the fifth sentence of Paragraph 120 are vague and ambiguous regarding the identification of the referenced "evidence," and Federal Defendants deny the allegations on that basis.

121.    The allegations in the first sentence of Paragraph 121 purport to characterize public comments submitted to BLM, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the comments.  The allegations in the second sentence of Paragraph 121 are vague and ambiguous as to who has recognized subsidence as a potential impact of geothermal development, and Federal Defendants deny the allegations on that basis.  The allegations in the third sentence of Paragraph 121 are vague and ambiguous as to what fluid, what land, what groundwater table, and what area are being described, and Federal Defendants deny the allegations on that basis.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 121 and deny them on that basis.  The allegations in the sixth sentence of Paragraph 121 are vague and ambiguous and Federal Defendants deny the allegations on that basis.  The allegations in the fifth, seventh, and eighth sentences of Paragraph 121 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.  Federal Defendants deny the allegations in the ninth and tenth sentences of Paragraph 121.

122.    The allegations in the first sentence of Paragraph 122 purport to characterize public comments submitted to BLM, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the comments.  Regarding the second sentence of Paragraph 122, Federal Defendants admit that the Gerlach General Improvement District ("GGID") is responsible for providing water to Gerlach from springs outside the AOI, and that sourcing water from GGID is one of multiple options for water sourcing discussed in the EA, but deny any remaining allegations in the second sentence.  The allegations in the third sentence of Paragraph 122 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain

23

language, meaning, and context of the EA.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 122.

123.    The allegations in the first through fifth sentences of Paragraph 123 purport to characterize the provisions of the EA and FONSI, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and FONSI.  The allegations in the first portion of the sixth sentence of Paragraph 123 purport to characterize comments submitted to BLM, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of Plaintiffs' comments.  Federal Defendants deny the remaining allegations in the sixth sentence of Paragraph 123.

124.    The allegations in the first, second, and fourth sentences of Paragraph 124 purport to characterize the provisions of the DR, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the DR.  Federal Defendants deny the allegations in the third and fifth sentences of Paragraph 124.

125.    Federal Defendants deny the allegations in the first sentence of Paragraph 125.  The allegations in the second and third sentences of Paragraph 125 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

126.    The allegations in Paragraph 126 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

127.    The allegations in the first, second, and third sentences of Paragraph 127 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain

24

language, meaning, and context of the EA. Federal Defendants deny the allegations in the fourth and fifth sentences of Paragraph 127.

128.   The allegations in the first sentence of Paragraph 128 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA. The allegations in the second sentence of Paragraph 128 purport to characterize public comments submitted to BLM, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the comments. Federal Defendants deny the allegations in the third sentence of Paragraph 128.

129.   Federal Defendants deny the allegations in the first sentence of Paragraph 129. The remaining allegations in Paragraph 129 purport to characterize the provisions of the DR and EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the DR and EA.

130.   The allegations in the first through sixth sentences of Paragraph 130 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA. The allegations in the seventh sentence of Paragraph 130 are vague and ambiguous as to what impacts BLM is supposedly aware of and who at BLM is aware of them, and Federal Defendants deny the allegations on that basis. Federal Defendants admit that historic properties and historic trails exist within the AOI but deny the remaining allegations in the eighth sentence of Paragraph 130.

131.   Federal Defendants deny the allegations in the first, third, fourth, sixth, eighth, and ninth sentences of Paragraph 131. The allegations in the second, fifth, and seventh sentences of Paragraph 131 purport to characterize the provisions of the DR and EA, which

speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the DR and EA.

132.    Federal Defendants' answers to Paragraphs 1-131 are incorporated here by reference.

133.    The allegations in Paragraph 133 purport to characterize the provisions of the APA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.

134.    The allegations in Paragraph 134 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

135.    Federal Defendants deny the allegations in Paragraph 135.

136.    The allegations in Paragraph 136 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

137.    Federal Defendants deny the allegations in the first sentence of Paragraph 137.  The allegations in the second and third sentences of Paragraph 137 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

138.    The allegations in Paragraph 138 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

139.     Federal Defendants admit the allegations in the first sentence of Paragraph 139.  With respect to the allegations in the second sentence of Paragraph 139, Federal Defendants admit that Ormat withdrew its original application and subsequently submitted an operations plan limited to resource confirmation, but deny any remaining allegations in the second sentence.  Federal Defendants deny the allegations in the third and fourth sentences of Paragraph 139.  The allegations in the fifth sentence of Paragraph 139 purport to characterize the provisions of the FONSI, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FONSI.  Federal Defendants admit the allegations in the sixth sentence of Paragraph 139, with the qualification that the purpose of the Exploration Project is also to confirm the commercial viability of the resource to inform the decision of whether or not to pursue resource utilization, which would be subject to further NEPA review.  Federal Defendants deny the allegations in the seventh sentence of Paragraph 139.

140.     Federal Defendants deny the allegations in Paragraph 140.

141.     The allegations in Paragraph 141 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statue and regulations.

142.     Federal Defendants deny the allegations in Paragraph 142.

143.     Federal Defendants deny the allegations in Paragraph 143.

144.     The allegations in Paragraph 144 purport to characterize the provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

145.     Federal Defendants deny the allegations in the first and third sentences of Paragraph 145.  The allegations in the second sentence of Paragraph 145 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents.

Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

146. Federal Defendants deny the allegations in Paragraph 146.

147. Federal Defendants' answers to Paragraphs 1-146 are incorporated here by reference.

148. The allegations in Paragraph 148 purport to characterize the provisions of FLPMA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

149. The allegations in Paragraph 149 purport to characterize the provisions of FLPMA and its regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

150. The allegations in Paragraph 150 purport to characterize the provisions of the NCA Act, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

151. Federal Defendants deny the allegations in Paragraph 151.

152. Federal Defendants deny the allegations in Paragraph 152.

153. Federal Defendants' answers to Paragraphs 1-152 are incorporated here by reference.

154. Federal Defendants admit the allegations in Paragraph 154.

155. Federal Defendants deny the allegations in Paragraph 155.

156. Federal Defendants deny the allegations in Paragraph 156.

157. Federal Defendants deny the allegations in the first sentence of Paragraph 157. The allegations in the second sentence of Paragraph 157 purport to characterize the provisions of the Black Rock RMP, WDRMP, and EA, which speak for themselves and are the

best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Black Rock RMP, WDRMP, and EA.  Federal Defendants admit that several miles of historic trail are within the AOI, but deny any remaining allegations in Paragraph 157.

158.   Federal Defendants deny the allegations in Paragraph 158.

159.   Federal Defendants deny the allegations in Paragraph 159.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Amended Complaint constitutes Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or any form of relief.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Amended Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.


Respectfully submitted this 17th day of April, 2023.


TODD KIM
Assistant Attorney General


*/s/ Amanda K. Rudat*
AMANDA K. RUDAT
CHRISTOPHER C. HAIR
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0575 (Rudat)
(202) 305-0420 (Hair)
amanda.rudat@usdoj.gov
christopher.hair@usdoj.gov

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2023, I electronically filed the foregoing using the CM/ECF system, which will automatically send email notification to the attorneys of record.

*/s/ Amanda K. Rudat*
AMANDA K. RUDAT