Christopher Mixson, Esq. (NV Bar #10685)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone:  702-385-6000
Facsimile:   702-385-6001
c.mixson@kempjones.com

Rafe Petersen (D.C. Bar #465542) (*pro hac vice*)
Alexandra E. Ward (D.C. Bar #1687003) (*pro hac vice*)
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, DC  20006
Telephone: 202.419.2481
Facsimile:  202.955.5564
rafe.petersen@hklaw.com
alexandra.ward@hklaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BURNING MAN PROJECT, FRIENDS OF BLACK ROCK/HIGH ROCK, INC., FRIENDS OF NEVADA WILDERNESS, SUMMIT LAKE PAIUTE TRIBE OF NEVADA, GERLACH PRESERVATION SOCIETY, and DAVID JAMIESON, ANDY MOORE, WILL ROGER PETERSON, NANCI PETERSON, JASON WALTERS, DAVE COOPER, MARGIE REYNOLDS, and STACEY BLACK, as individuals,<br><br>         Plaintiffs,<br><br>    v.<br><br>The UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, BLACK ROCK FIELD OFFICE, and DEBRA HAALAND in her official capacity as Secretary of the Interior,<br><br>         Defendants. | Case No.: 3:23-cv-00013-LRH-CSD<br><br>**JOINT CASE MANAGEMENT REPORT AND BRIEFING PLAN** |

1.  <u>Statement of the Case</u>

Plaintiffs Burning Man Project, Friends of Black Rock/High Rock, Inc., Friends of Nevada Wilderness, the Summit Lake Paiute Tribe of Nevada, Gerlach Preservation Society, David

1

Jamieson, Andy Moore, Will Roger Peterson, Nanci Peterson, Jason Walters, Dave Cooper, Margie Reynolds, and Stacey Black, filed their First Amended Complaint (Dkt. No. 31) on April 3, 2023, seeking vacatur, and equitable, declaratory and injunctive relief under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, Federal Land Policy Management Act of 1976 (FLPMA), 43 U.S.C. §§ 1701 *et seq.*, the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 *et. seq.*, and the National Historic Preservation Act ("NHPA"), 54 U.S.C §§ 306108 *et seq.*, and their implementing regulations and policies, challenging the decision of the United States Department of the Interior (DOI) and its Bureau of Land Management (BLM) to approve a proposed geothermal resource confirmation drilling project Operations Plan ("OP") for Ormat Nevada Inc., 26 LLC ("Ormat"). The approved action would allow Ormat to construct and maintain a geothermal resource confirmation project in the Gerlach Geothermal Unit, which includes various leases held by Ormat. Plaintiffs challenge the Final Environmental Assessment, Finding of No Significant Impact, and Decision Record approving the Gerlach Geothermal Exploration Project ("Exploration Project") as issued by BLM's Winnemucca District. Plaintiffs' Complaint has three claims and requests declaratory, injunctive other relief.

DOI, BLM, the BLM Black Rock Field Office, and Debra Haaland, in her official capacity as Secretary of the Interior, (collectively, "Federal Defendants") assert that they complied with FLPMA, NEPA, and the NHPA, as well as all relevant regulations and policies in approving the Exploration Project. Federal Defendants also assert that confirming the viability of commercial geothermal power production supports state and federal initiatives to expand development and use of renewable energy resources and the Exploration Project is in conformance with applicable land use plans.

2. This is a suit pursuant to the APA, FLPMA, NEPA, and the NHPA. Jurisdiction over this action is conferred by 28 U.S.C. §§ 1331 (federal question), 2201 (declaratory relief), and 2202 (injunctive relief).

3. The parties do not anticipate adding any additional parties. Plaintiffs reserve the right to seek leave to amend their complaint based on the administrative record that will be produced by the Federal Defendants.

4. Ormat's pending motion to intervene is the only outstanding motion.[1] On May 31, 2023, the Court ordered the parties to file a status report to address a recent decision by the Washoe County Board of County Commissioners to rescind Ormat's permit. The parties will confer and duly inform the Court of the permit recission's impact on the status of this litigation by June 30, 2023.

5. There are no related cases.

6. Because this case is brought pursuant to the APA, it is exempt from the initial disclosure requirements of FRCP 26. *See* FRCP 26(a)(1)(B)(i).

(a) Rule 26(f) initial disclosures are not applicable to this case.

(b) No discovery requests have been served, or are anticipated as part of the merits phase of this case.

(c) The parties do not anticipate any need for entry of a protective order.

(d) There are no issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery.

(e) The parties do not anticipate the need for discovery, whether inside or outside the District of Nevada.

---

[1] A courtesy copy of this Joint Proposed Case Management Report and Proposed Briefing Plan was provided to Ormat.

(f) No depositions are anticipated.

7. The parties do not expect to engage in ESI discovery in this case.

8. <u>Proposed Schedule for the Production of the Administrative Record and Briefing on the Merits.</u>

This case is brought pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-06, and shall be resolved on cross-motions for summary judgment based on the agency's administrative record, in accordance with Local Rule 16-l(c)(l). The parties jointly propose the following schedule:

A. Federal Defendants shall serve the Bates-stamped administrative record on electronic media (such as DVDs or USB drive or over a share service) on all parties and file notice thereof no later than September 15, 2023.

B. After Federal Defendants serve the administrative record on all parties, Plaintiffs will notify Federal Defendants of any alleged deficiencies or other disputes regarding the sufficiency of the administrative record by no later than October 13, 2023.

C. Federal Defendants will provide a response to Plaintiffs regarding any administrative record issues by October 27, 2023.

D. If the parties are unable to resolve any issues related to the sufficiency of the administrative record, the following briefing schedule will apply:

  i. Plaintiffs' Motion to Supplement or Complete the Administrative Record: due by November 10, 2023.

  ii. Federal Defendants' Opposition: due by December 1, 2023.

  iii. Plaintiffs' Reply: due by December 15, 2023.

E. Plaintiffs shall file their motion for summary judgment and brief in support of their motion for summary judgment, the following schedule will apply:

4

     i.     Plaintiffs' Motion for Summary Judgment: due 60 days from the Court's ruling on Plaintiffs' Motion to Supplement or Complete the Administrative Record or, if no such motion is filed, by December 1, 2023.

     ii.     Federal Defendants' combined Opposition/Cross-Motion for Summary Judgment: due 60 days from Plaintiffs' Motion for Summary Judgment.

     iii.     Plaintiffs' combined Opposition/Reply: due 30 days from Federal Defendants' combined Opposition/Cross-Motion.

     iv.     Federal Defendants' Reply: due 30 days from Plaintiffs' combined Opposition/Reply.

F.  PARTIES' POSITIONS ON LENGTH OF BRIEFS

Under LR 7-3, motions for summary judgment and responses to motions for summary judgment are limited to 30 pages, excluding exhibits. Replies in support of a motion for summary judgment are limited to 20 pages. The parties agree to comply with these page limits.

G.  The parties agree that to avoid redundancy, they will not submit separate detailed statements of fact under Local Rule 56-1 with their summary judgment briefs but instead will include discussions of the facts and references to relevant facts necessary to their arguments being raised in their summary judgment briefs.

H.  The parties respectfully request that this Court schedule oral argument on the pending motions at this Court's earliest convenience after the conclusion of briefing.

9.  A jury trial has not been requested. The case will be decided on cross motions for summary judgment.

10. The parties believe that the possibility of a settlement is unlikely at this time. One or more of the parties do not intend to consent to proceed before the magistrate judge. Plaintiffs intend on briefing remedies, including vacatur, injunctive relief, and any other requested remedies, in their

summary judgment briefing so that the Court may rule on remedies concurrent with summary judgment.

11. No party requests a case management conference at this time.

DATED this  2nd  day of June, 2023.

                              Respectfully submitted,

KEMP JONES, LLP

 /s/ Chris Mixson
Christopher Mixson, Esq. (NV Bar #10685)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

HOLLAND & KNIGHT LLP

/s/ Rafe Petersen

Rafe Petersen (D.C. Bar #465542) (*pro hac vice*)
Alexandra E. Ward (D.C. Bar #1687003) (*pro hac vice*)
800 17th Street N.W., Suite 1100
Washington, DC  20006

*Attorneys for Plaintiffs*

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

/s/ Christopher C. Hair
CHRISTOPHER C. HAIR
AMANDA K. RUDAT
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0420 (Hair)
(202) 305-0575 (Rudat)
christopher.hair@usdoj.gov
amanda.rudat@usdoj.gov

*Counsel for Defendants*

IT IS SO ORDERED.

DATED: June 5, 2023.

                                              UNITED STATES MAGISTRATE JUDGE