Matthew G. Adams (CA Bar No. 229021)
(*Pro Hac Vice*)
William C. Mumby (CA Bar No. 324540)
(*Pro Hac Vice*)
Samantha R. Caravello (CO Bar No. 48793)
(*Pro Hac Vice*)
KAPLAN KIRSCH & ROCKWELL LLP
One Sansome Street, Suite 2910
San Francisco, CA 94104
Tel: (415) 907-8704
Fax: (415) 907-8717
madams@kaplankirsch.com
wmumby@kaplankirsch.com
scaravello@kaplankirsch.com

Laura R. Jacobsen (NV Bar No. 13699)
ORMAT TECHNOLOGIES, INC.
6140 Plumas Street
Reno, NV 89519
Tel: (775) 356-9029
Fax: (775) 356-9039
ljacobsen@ormat.com

Darren J. Lemieux (NV Bar No. 9615)
Lucy C. Crow (NV Bar No. 15203)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, NV 89501-2128
Tel: (775) 823-2900
Fax: (775) 823-2929
dlemieux@lewisroca.com
lcrow@lewisroca.com

*Attorneys for Defendant-Intervenor-Applicant
Ormat Nevada Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BURNING MAN PROJECT, FRIENDS OF BLACK ROCK/HIGH ROCK, INC., FRIENDS OF NEVADA WILDERNESS, SUMMIT LAKE PAIUTE TRIBE OF NEVADA, GERLACH PRESERVATION SOCIETY, and DAVID JAMIESON, ANDY MOORE, WILL ROGER PETERSON, NANCI PETERSON, JASON WALTERS, DAVE COOPER, MARGIE REYNOLDS, and STACEY BLACK, as individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>The UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, BLACK ROCK FIELD OFFICE, and DEBRA HAALAND in her official capacity as Secretary of the Interior,<br><br>        Defendants,<br><br>and ORMAT NEVADA INC.,<br><br>        Defendant-Intervenor-Applicant. | Case No. 3:23-cv-00013-LRH-CSD<br><br>**ORMAT NEVADA INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant-Intervenor-Applicant Ormat Nevada Inc. ("Ormat") answers Plaintiffs' First Amended Complaint ("Complaint") (ECF No. 31) as set forth below. Any factual admission in the Answer is admitted only as to the specific fact asserted and not as to any conclusions, characterizations, or inferences drawn therefrom. Denial of any factual allegation is not an admission of the negative of such allegation. Ormat denies each and every allegation not specifically admitted, qualified, or otherwise answered herein. Ormat follows the format and organization of the Complaint solely for ease of reference; any assertion contained in any heading or other formatting of the Complaint is denied.

## INTRODUCTION

1.      Paragraph 1 consists of Plaintiffs' legal arguments characterizing their own claims, to which no response is required. To the extent any response is required, Ormat denies the allegations.

2.      Ormat admits the Gerlach Geothermal Exploration Project ("Project") is a geothermal exploration project that includes an Operations Plan, consistent with federal regulations. Ormat further admits the Project is located within the Gerlach Geothermal Unit, which includes various leases held by Ormat. Ormat further admits the approved Project allows construction of a geothermal resource confirmation project in Washoe County, Nevada. Ormat denies the remaining allegations in Paragraph 2.

3.      Ormat admits the Project was proposed to include up to 19 geothermal resource confirmation wells and well pads, approximately 2.8 miles of new and improved access roads, and associated facilities. Ormat denies the remaining allegations in Paragraph 3.

4.      Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegation that hot springs referenced in Paragraph 4 have religious significance to the Summit Lake Paiute Tribe, and therefore denies the allegation. Ormat denies the remaining allegations in Paragraph 4.

5.      The allegations in the first, second, and third sentences of Paragraph 5 consist of legal arguments, to which no response is required. To the extent any response is required,

Ormat denies the allegations.  The fourth and fifth sentences of Paragraph 5 consist of Plaintiffs' characterization of the Project's Environmental Assessment ("EA"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the fourth and fifth sentences of Paragraph 5 are inconsistent with the EA, Ormat denies them.

6.     Ormat denies the allegations in Paragraph 6.

7.     The allegations in Paragraph 7 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

8.     The allegations in Paragraph 8 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

9.     The allegations in Paragraph 9 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

10.     The allegations in the first and fifth sentences of Paragraph 10 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.  The remaining allegations in Paragraph 10 purport to characterize the National Historic Preservation Act ("NHPA") and a Resource Management Plan ("RMP"), which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 10 are inconsistent with the NHPA or the RMP, Ormat denies them. To the extent any allegations in Paragraph 10 require further response, Ormat denies the allegations.

11.     The allegations in Paragraph 11 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

12.     The allegations in Paragraph 12 consist of Plaintiffs' legal arguments characterizing their own claims and requests for relief, to which no response is required.  To the extent any response is required, Ormat denies the allegations and affirmatively alleges Plaintiffs are entitled to no relief whatsoever.

## JURISDICTION AND VENUE

13.     The allegations in Paragraph 13 consist of legal arguments, to which no response

ORMAT NEVADA INC.'S ANSWER TO FIRST AMENDED COMPLAINT

is required.  To the extent any response is required, Ormat denies the allegations.

14.     The allegations in Paragraph 14 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

15.     The allegations in Paragraph 15 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

**PARTIES**

16.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 19 and therefore denies them.  The fourth sentence of Paragraph 19 consists of legal arguments, to which no response is required.  To the extent any response to the allegations in the fourth sentence of Paragraph 19 is required, Ormat denies the allegations.

20.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 20 and therefore denies them. As to the second sentence of Paragraph 20, Ormat admits BMP has expressed interest in energy development (including geothermal energy development) on the 360 Property, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

21.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 21 and therefore denies them. As to the second sentence of Paragraph 21, Ormat admits the Bureau of Land Management's ("BLM") approved action would allow well pads near the 360 Property, but otherwise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

22.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23.     Ormat admits the town of Gerlach has fewer than 200 residents.  Ormat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies them.

24.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

25.     The first sentence of Paragraph 25 purports to characterize the contents of a Congressional document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the first sentence of Paragraph 25 are inconsistent with the Congressional document, Ormat denies them.  To the extent any response to the allegations in the first sentence of Paragraph 25 is required, Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  The remaining allegations in Paragraph 25 consist of legal arguments, to which no response is required.  To the extent the remaining allegations in Paragraph 25 require any response, Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

26.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 26 and therefore denies them.  The allegations in the fourth sentence of Paragraph 26 consist of Plaintiffs' legal arguments characterizing their own claims, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

27.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28.     Ormat lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 28 and therefore denies them.

29.     Ormat admits the Summit Lake Paiute Tribe is federally recognized.  Ormat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies them.

30.     Ormat specifically denies any "inevitable industrial scale geothermal production project."  Ormat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies them.

31.     Ormat specifically denies any "inevitable industrial scale geothermal production project" and specifically denies that it "seeks to exploit" springs.  Ormat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore denies them.

32.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 33 and therefore denies them.

34.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 34 and therefore denies them.  The fifth sentence of Paragraph 34 purports to characterize a portion of the EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the fifth sentence of Paragraph 34 are inconsistent with the EA, Ormat denies them.

35.     Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 35 and therefore denies them.

36.     Ormat admits one of the well pad locations proposed as part of the Project is near the property containing the Great Boiling Springs.  The remaining allegations in Paragraph 36 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

37.     Paragraph 37 consists of legal arguments, to which no response is required.  To

the extent any response is required, Ormat denies the allegations.

38.     Paragraph 38 consists of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

39.     Paragraph 39 consists of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

40.     Paragraph 40 consists of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

41.     Paragraph 41 consists of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

42.     Ormat specifically denies BLM ignored any comments.  The remaining allegations of Paragraph 42 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

43.     Ormat admits the allegations in Paragraph 43.

44.     Ormat admits the allegations in Paragraph 44.

45.     Ormat admits the allegations in Paragraph 45.

46.     Ormat affirmatively alleges Mark Hall is no longer employed by BLM.  Ormat affirmatively alleges  Mark Hall has been removed as a Defendant from the caption of the Complaint.  Ormat has insufficient knowledge or information to form a belief as to the truth of the allegation that Mark Hall led BLM's NEPA review of the Project and therefore denies the allegation.  Ormat admits the remaining allegations in Paragraph 46.

## LEGAL FRAMEWORK

### *The National Environmental Policy Act*

47.     Paragraph 47 consists of legal arguments, to which no response is required. Paragraph 47 also purports to characterize sections of the National Environmental Policy Act ("NEPA") and a federal regulation, which speak for themselves and are the best evidence of their contents.  Ormat denies any allegations in Paragraph 47 inconsistent with NEPA or the federal regulation. To the extent any further response is required, Ormat denies the allegations

in Paragraph 47.

48.     Paragraph 48 consists of legal arguments, to which no response is required. Paragraph 48 also purports to characterize NEPA, which speaks for itself and is the best evidence of its contents.  Ormat denies any allegations inconsistent with NEPA.  To the extent any further response is required, Ormat denies the allegations in Paragraph 48.

49.     Ormat admits the Council on Environmental Quality is a division of the Executive Office of the President.  The remaining allegations in in the first sentence of Paragraph 49 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.  The allegations in the second and third sentences of Paragraph 49 purport to characterize a Draft EA and a Final EA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in the second and third sentences of Paragraph 49 are inconsistent with the Draft EA or Final EA, Ormat denies them.

50.     Ormat admits federal agencies may promulgate their own NEPA regulations and issue agency-specific NEPA guidance.  Ormat admits the Department of the Interior has promulgated NEPA regulations and issued Departmental Manuals.  Ormat admits some Departmental Manuals are available on the Department of the Interior's website.  To the extent the allegations in Paragraph 50 purport to characterize federal regulations and Departmental Manuals, the regulations and Departmental Manuals speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 50 are inconsistent with regulations and Departmental Manuals, Ormat denies them.  The remaining allegations in Paragraph 50 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

51.     Ormat admits there is a BLM NEPA Handbook, H-1790-1, dated January 2008 ("NEPA Handbook").  The remaining allegations in Paragraph 51 purport to characterize the NEPA Handbook, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 51 are inconsistent with the NEPA Handbook, Ormat

1    denies them.

2         52.    The allegations in Paragraph 52 purport to characterize a federal regulation and a

3    Departmental Manual, which speak for themselves and are the best evidence of their contents.

4    To the extent the allegations in Paragraph 52 are inconsistent with the regulation or the

5    Departmental Manual, Ormat denies them.  The remaining allegations of Paragraph 52 consist

6    of legal arguments, to which no response is required.  To the extent any response is required,

7    Ormat denies the allegations.

8         53.    The allegations in Paragraph 53 purport to characterize NEPA and federal

9    regulations, which speak for themselves and are the best evidence of their contents.  To the

10   extent the allegations in Paragraph 53 are inconsistent with NEPA or federal regulations,

11   Ormat denies them.  The remaining allegations of Paragraph 53 consist of legal arguments, to

12   which no response is required.  To the extent any response is required, Ormat denies the

13   allegations.

14        54.    The allegations in Paragraph 54 purport to characterize a federal regulation,

15   which speaks for itself and is the best evidence of its contents.  To the extent the allegations in

16   Paragraph 54 are inconsistent with the regulation, Ormat denies them.  The remaining

17   allegations of Paragraph 54 consist of legal arguments, to which no response is required.  To

18   the extent any response is required, Ormat denies the allegations.

19        55.    The allegations in Paragraph 55 purport to characterize a federal regulation,

20   which speaks for itself and is the best evidence of its contents.  To the extent the allegations in

21   Paragraph 55 are inconsistent with the regulation, Ormat denies them.  The remaining

22   allegations of Paragraph 55 consist of legal arguments, to which no response is required.  To

23   the extent any response is required, Ormat denies the allegations.

24        56.    The allegations in Paragraph 56 purport to characterize the NEPA Handbook,

25   which speaks for itself and is the best evidence of its contents.  To the extent the allegations in

26   Paragraph 56 are inconsistent with the NEPA Handbook, Ormat denies them.  The remaining

ORMAT NEVADA INC.'S ANSWER TO FIRST AMENDED COMPLAINT

allegations of Paragraph 56 consist of legal argument to which no response is required.  To the extent any response is required, Ormat denies the allegations.

57.     The allegations in Paragraph 57 purport to characterize a federal regulation and a Departmental Manual, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 57 are inconsistent with the federal regulation or the Departmental Manual, Ormat denies them.  The remaining allegations in Paragraph 57 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

58.     The allegations in Paragraph 58 purport to characterize a Departmental Manual and the NEPA Handbook, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 58 are inconsistent with the Departmental Manual or the NEPA Handbook, Ormat denies them.  The remaining allegations in Paragraph 58 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

59.     The allegations in Paragraph 59 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 59 are inconsistent with the regulations, Ormat denies them.  The remaining allegations in Paragraph 59 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

60.     The allegations in Paragraph 60 purport to characterize federal regulations, a Departmental Manual, and the NEPA Handbook, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 60 are inconsistent with the regulations, the Departmental Manual, or the NEPA Handbook, Ormat denies them.  The remaining allegations in Paragraph 60 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

61.     The allegations in Paragraph 61 purport to characterize federal regulations and the NEPA Handbook, which speak for themselves and are the best evidence of their contents.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

To the extent the allegations in Paragraph 61 are inconsistent with the regulations or the NEPA Handbook, Ormat denies them.  The remaining allegations in Paragraph 61 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

62.    The allegations in Paragraph 62 purport to characterize federal regulations, a Departmental Manual, and the NEPA Handbook, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 62 are inconsistent with the regulations, the Departmental Manual, or the NEPA Handbook, Ormat denies them.  The remaining allegations in Paragraph 62 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 62 is required, Ormat denies the allegations.

63.    The allegations in Paragraph 63 purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 63 are inconsistent with the regulation, Ormat denies them.  The remaining allegations in Paragraph 63 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 63 is required, Ormat denies the allegations.

64.    The allegations in Paragraph 64 purport to characterize a federal regulation and the NEPA Handbook, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 64 are inconsistent with the regulation or the NEPA Handbook, Ormat denies them.  The remaining allegations in Paragraph 64 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 64 is required, Ormat denies the allegations.

65.    The allegations in Paragraph 65 purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 65 are inconsistent with the regulation, Ormat denies them.  The remaining allegations in Paragraph 65 consist of legal arguments, to which no response is required.  To

the extent any response is required, Ormat denies the allegations.

### *The Federal Land Policy and Management Act*

66.    The allegations in Paragraph 66 purport to characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 66 are inconsistent with FLPMA, Ormat denies them.  The remaining allegations in Paragraph 66 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

67.    The allegations in Paragraph 67 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

68.    The allegations in Paragraph 68 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

69.    The allegations in Paragraph 69 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 69 are inconsistent with the RMP, Ormat denies them.  The remaining allegations in Paragraph 69 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

70.    The allegations in Paragraph 70 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 70 are inconsistent with the RMP, Ormat denies them.  The remaining allegations in Paragraph 70 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

71.    The allegations in Paragraph 71 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

72.    The allegations in Paragraph 72 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 72 are inconsistent with the RMP, Ormat denies them.

ORMAT NEVADA INC.'S ANSWER TO FIRST AMENDED COMPLAINT

73.     The allegations in Paragraph 73 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 73 are inconsistent with the RMP, Ormat denies them.

74.     The allegations in Paragraph 74 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 74 are inconsistent with the RMP, Ormat denies them.

75.     The allegations in Paragraph 75 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 75 are inconsistent with the RMP, Ormat denies them.

76.     The allegations in Paragraph 76 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 76 are inconsistent with the RMP, Ormat denies them.

77.     The allegations in Paragraph 77 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 77 are inconsistent with the RMP, Ormat denies them.

78.     The allegations in Paragraph 78 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 78 are inconsistent with the RMP, Ormat denies them.

79.     The allegations in Paragraph 79 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 79 are inconsistent with the RMP, Ormat denies them.

80.     The allegations in Paragraph 80 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 80 are inconsistent with the RMP, Ormat denies them.

81.     The allegations in Paragraph 81 purport to characterize an RMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 81 are inconsistent with the RMP, Ormat denies them.

*The National Historic Preservation Act*

82.     The allegations in Paragraph 82 purport to characterize the NHPA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 82 are inconsistent with the NHPA, Ormat denies them.

83.     The allegations in Paragraph 83 purport to characterize the NHPA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 83 are inconsistent with the NHPA, Ormat denies them.

84.     The allegations in Paragraph 84 purport to characterize the NHPA and a National Register Bulletin, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 84 are inconsistent with the NHPA or the National Register Bulletin, Ormat denies them.

85.     The allegations in the first and second sentences of Paragraph 85 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.  The remaining allegations in Paragraph 85 purport to characterize an Executive Order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 85 are inconsistent with the Executive Order, Ormat denies them.

86.     The allegations in Paragraph 86 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 86 are inconsistent with the regulations, Ormat denies them.

87.     The allegations in Paragraph 87 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 87 are inconsistent with the regulations, Ormat denies them.

88.     The allegations in Paragraph 88 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 88 are inconsistent with the regulations, Ormat denies them.

89.     The allegations in Paragraph 89 purport to characterize federal agency guidance documents, which speak for themselves and are the best evidence of their contents.  To the

extent the allegations in Paragraph 86 are inconsistent with the guidance documents, Ormat denies them.

### *The Administrative Procedure Act*

90.     The allegations in Paragraph 90 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 90 are inconsistent with the APA, Ormat denies them.  The remaining allegations in Paragraph 90 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

### FACTUAL ALLEGATIONS

91.     The allegations in the first and fourth sentences of Paragraph 91 purport to characterize a BLM press release, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 91 are inconsistent with the press release, Ormat denies them.  Ormat admits it previously contemplated a geothermal development project.  Ormat affirmatively alleges the geothermal development project was withdrawn.  Ormat denies the remaining allegations in Paragraph 91.

92.     Ormat admits some Plaintiffs have objected to the notion of a geothermal power plant.  Ormat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 and therefore denies them.

93.     Ormat admits the geothermal development project was withdrawn.  The remaining allegations in the first sentence of Paragraph 93 purport to characterize a Draft Public Pre-Scoping Report, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the first sentence of Paragraph 93 are inconsistent with the Draft Public Pre-Scoping Report, Ormat denies them.  The second, third, fifth, sixth, and seventh sentences of Paragraph 93 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations and affirmatively alleges its geothermal development plan was withdrawn.  As to the fourth sentence of Paragraph 93, Ormat admits geothermal resources are present in the area but denies the remaining allegations

and, further, affirmatively alleges the presence of geothermal springs is insufficient to determine the nature, extent, or commercial viability of geothermal resources.

94.     The allegations in Paragraph 94 purport to characterize a BLM News Release, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 94 are inconsistent with the BLM News Release, Ormat denies them.

95.     The allegations in Paragraph 95 purport to characterize a Draft EA and supporting documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 95 are inconsistent with the Draft EA or the supporting documents, Ormat denies them.  Ormat admits a Draft EA was released to the public.  Ormat denies any remaining allegations in Paragraph 95.

96.     The allegations in Paragraph 96 purport to characterize an EA and comments on the EA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 96 are inconsistent with the EA or the referenced comments, Ormat denies them.  Ormat has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 96 and therefore denies them.

97.     The allegations in Paragraph 97 purport to characterize a Decision Record and a monitoring plan, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 97 are inconsistent with the Decision Record or the monitoring plan, Ormat denies them.  The remaining allegations in Paragraph 97 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

98.     The allegations in Paragraph 98 purport to characterize a Finding of No Significant Impact ("FONSI"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 98 are inconsistent with the FONSI, Ormat denies them.  The remaining allegations in Paragraph 98 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

99.     The allegations in Paragraph 99 purport to characterize a FONSI, which speaks

1   for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 99

2   are inconsistent with the FONSI, Ormat denies them.  The remaining allegations in Paragraph

3   99 consist of legal arguments, to which no response is required.  To the extent any response is

4   required, Ormat denies the allegations.

5   *The Environmental Assessment is inadequate.*

6   100.   The allegations in Paragraph 100 consist of legal arguments, to which no

7   response is required.  To the extent any response is required, Ormat denies the allegations.

8   101.   The allegations in Paragraph 101 purport to characterize an EA, which speaks

9   for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph

10   101 are inconsistent with the EA, Ormat denies them.

11   102.   Ormat denies the allegations in the first sentence of Paragraph 102.  The

12   allegations in the second sentence of Paragraph 102 consist of legal arguments, to which no

13   response is required.  To the extent any response to the allegations in the second sentence of

14   Paragraph 102 is required, Ormat denies the allegations.  The allegations in the third and

15   fourth sentences of Paragraph 102 purport to characterize a federal regulation and the NEPA

16   Handbook, which speak for themselves and are the best evidence of their contents.  To the

17   extent the allegations are inconsistent with the regulation or the NEPA Handbook, Ormat

18   denies them.  The remaining allegations in Paragraph 102 consist of legal arguments, to which

19   no response is required.  To the extent any response to the remaining arguments in Paragraph

20   102 is required, Ormat denies the allegations.

21   103.   The allegations in the first and second sentences of Paragraph 103 purport to

22   characterize an EA, which speaks for itself and is the best evidence of its contents.  To the

23   extent the allegations are inconsistent with the EA, Ormat denies them.  The remaining

24   allegations in Paragraph 103 consist of legal arguments, to which no response is required.  To

25   the extent any response is required, Ormat denies the allegations.

26   *The Project will have a direct impact on the Black Rock NCA and the Gerlach Community.*

27   104.   The allegations in Paragraph 104 consist of legal arguments, to which no response

28

is required.  To the extent any response is required, Ormat denies the allegations.

105.   The allegations in Paragraph 105 purport to characterize the Black Rock Desert-High Rock Canyon Emigrant Trails National Conservation Area Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 105 are inconsistent with the Black Rock Desert-High Rock Canyon Emigrant Trails National Conservation Area Act, Ormat denies them.  The remaining allegations in Paragraph 105 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

106.   The allegations in Paragraph 106 purport to characterize two RMPs, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 106 are inconsistent with the RMPs, Ormat denies them.  The remaining allegations in Paragraph 106 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

107.   Ormat lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 107 and therefore denies them.  Ormat specifically denies geothermal the allegation that exploration cannot be separated from production.  The remaining allegations in Paragraph 107 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 107 is required, Ormat denies the allegations.

108.   The allegations in Paragraph 108 purport to characterize an EA and a FONSI, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 108 are inconsistent with the EA or the FONSI, Ormat denies them.  The remaining allegations in Paragraph 108 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

109.   The allegations in Paragraph 109 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 109 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph

109 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 109 is required, Ormat denies the allegations.

110.   The allegations in Paragraph 110 purport to characterize Nevada Senate Bill 52, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 110 are inconsistent with Senate Bill 52, Ormat denies them.  The remaining allegations in Paragraph 110 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 110 is required, Ormat denies the allegations.

111.   The allegations in Paragraph 111 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 111 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 111 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 111 is required, Ormat denies the allegations.

112.   The allegations in Paragraph 112 purport to characterize an EA and a FONSI, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 112 are inconsistent with the EA or the FONSI, Ormat denies them.  The remaining allegations in Paragraph 112 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 112 is required, Ormat denies the allegations.

113.   The first and third sentences of Paragraph 113 purport to characterize an EA and public comments on an EA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 113 are inconsistent with the EA or the public comments, Ormat denies them.  The allegations in the second sentence of Paragraph 113 consist of legal arguments, to which no response is required.  To the extent any response to the allegations in Paragraph 113 is required, Ormat denies them.

114.   The allegations in Paragraph 114 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

ORMAT NEVADA INC.'S ANSWER TO FIRST AMENDED COMPLAINT

115.   The allegations in Paragraph 115 purport to characterize an EA and two RMPs, which speaks for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 115 are inconsistent with the EA or the RMPs, Ormat denies them. The remaining allegations in Paragraph 115 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 115 is required, Ormat denies the allegations.

***The Project will cause irreversible impacts to unique streams and associated ecosystems.***

116.   The allegations in Paragraph 116 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 116 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 116 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 116 is required, Ormat denies the allegations.

117.   The allegations in Paragraph 117 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 117 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 117 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 117 is required, Ormat denies the allegations.

118.   The allegations in Paragraph 118 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 118 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 118 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 118 is required, Ormat denies the allegations.

119.   The allegations in Paragraph 119 purport to characterize an EA and a FONSI, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 119 are inconsistent with the EA or the FONSI, Ormat denies them. The remaining allegations in Paragraph 119 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

120.   The allegations in Paragraph 120 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.   To the extent the allegations in Paragraph 120 are inconsistent with the EA, Ormat denies them.   The remaining allegations in Paragraph 120 consist of legal arguments to which no response is required.   To the extent any response is required, Ormat denies the allegations.

121.   The allegations in Paragraph 121 purport to characterize an EA and public comments on an EA, which speak for themselves and are the best evidence of their contents.   To the extent the allegations in Paragraph 121 are inconsistent with the EA or the public comments, Ormat denies them.   Ormat specifically denies that "the production phase is an inevitable outcome."   The remaining allegations in Paragraph 121 consist of legal arguments to which no response is required.   To the extent any response is required, Ormat denies the allegations.

122.   The allegations in Paragraph 122 purport to characterize an EA and public comments on an EA, which speak for themselves and are the best evidence of their contents.   To the extent the allegations in Paragraph 122 are inconsistent with the EA or the public comments, Ormat denies them.   The remaining allegations in Paragraph 122 consist of legal arguments to which no response is required.   To the extent any response is required, Ormat denies the allegations.

123.   The allegations in Paragraph 123 purport to characterize an EA and a FONSI, which speak for themselves and are the best evidence of their contents.   To the extent the allegations in Paragraph 123 are inconsistent with the EA or the FONSI, Ormat denies them. The remaining allegations in Paragraph 123 consist of legal arguments to which no response is required.   To the extent any response is required, Ormat denies the allegations.

124.   The allegations in Paragraph 124 purport to characterize a monitoring plan and a Decision Record, which speak for themselves and are the best evidence of their contents.   To the extent the allegations in Paragraph 124 are inconsistent with the monitoring plan or the Decision Record, Ormat denies them.   The remaining allegations in Paragraph 124 consist of legal arguments to which no response is required.   To the extent any response is required, Ormat

denies the allegations.

*The proposed Project alternative were unreasonable and lacking.*

125.   The second sentence in Paragraph 125 purports to characterize a federal regulation, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 125 are inconsistent with the regulation, Ormat denies them.  The remaining allegations in Paragraph 125 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

126.   The allegations in Paragraph 126 purport to characterize a "Citizen's Guide to NEPA" publication, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 126 are inconsistent with the publication, Ormat denies them.  The remaining allegations in Paragraph 126 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

127.   The allegations in Paragraph 127 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 127 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 127 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

128.   The allegations in Paragraph 128 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 128 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 128 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 128 is required, Ormat denies the allegations.

**The BLM Ignored the Requirement to Engage in Meaningful Consultation with the Tribes**

129.   The allegations in the first sentence of Paragraph 129 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.  The remaining allegations in Paragraph 129 purport to characterize a Decision Record and an EA, which speak for themselves and are the best evidence of their contents.  To

ORMAT NEVADA INC.'S ANSWER TO FIRST AMENDED COMPLAINT

the extent the allegations in Paragraph 129 are inconsistent with the Decision Record or the EA, Ormat denies them.  To the extent any further response to the allegations in Paragraph 129 is necessary, Ormat has insufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

130.   The allegations in Paragraph 130 purport to characterize a Decision Record and an EA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 130 are inconsistent with the Decision Record or the EA, Ormat denies them.  The remaining allegations in Paragraph 130 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 130 is required, Ormat denies the allegations.

131.   The allegations in Paragraph 131 purport to characterize a Decision Record, an EA, a Joint Secretarial Order, and an RMP, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 131 are inconsistent with the Decision Record, EA, the Joint Secretarial Order, or the RMP, Ormat denies them.  The remaining allegations in Paragraph 131 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 131 is required, Ormat has insufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

## FIRST CLAIM FOR RELIEF

### *BLM's Final EA, FONSI, and Decision Record Violate NEPA and the APA.*

132.   Ormat re-states its answers to Paragraphs 1–131 of the Complaint.

133.   The allegations in Paragraph 133 purport to characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 133 are inconsistent with the APA, Ormat denies them.  The remaining allegations in Paragraph 133 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

134.   The allegations in Paragraph 134 purport to characterize federal regulations,

which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 134 are inconsistent with the regulations, Ormat denies them.  The remaining allegations in Paragraph 134 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

135.   The allegations in Paragraph 135 consist of legal arguments to which no response is required.  To the extent any response is required, Ormat denies the allegations.

136.   The allegations in Paragraph 136 purport to characterize a federal regulation and NEPA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 136 are inconsistent with the regulation or NEPA, Ormat denies them.  The remaining allegations in Paragraph 136 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

137.   The allegations in Paragraph 137 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

138.   The allegations in Paragraph 138 purport to characterize NEPA and a federal regulation, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 138 are inconsistent with NEPA or the regulation, Ormat denies them.  The remaining allegations in Paragraph 138 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

139.   The allegations in Paragraph 139 purport to characterize a FONSI, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 139 are inconsistent with the FONSI, Ormat denies them.  The remaining allegations in Paragraph 139 consist of legal argument to which no response is required.  To the extent any response is required, Ormat denies the allegations.

140.   The allegations in Paragraph 140 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

141.   The allegations in Paragraph 141 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the

allegations in Paragraph 141 are inconsistent with the regulations, Ormat denies them.  The remaining allegations in Paragraph 141 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

142.   The allegations in Paragraph 142 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

143.   The allegations in Paragraph 143 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

144.   The allegations in Paragraph 144 purport to characterize NEPA and a federal regulation, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 144 are inconsistent with NEPA or the regulation, Ormat denies them.  The remaining allegations in Paragraph 144 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

145.   The allegations in Paragraph 145 purport to characterize an EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 145 are inconsistent with the EA, Ormat denies them.  The remaining allegations in Paragraph 145 consist of legal arguments, to which no response is required.  To the extent any response to the remaining allegations in Paragraph 145 is required, Ormat denies the allegations.

146.   The allegations in Paragraph 146 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

## SECOND CLAIM FOR RELIEF

### BLM's NEPA Documents and Approval of the Operations Plan Violate FLPMA.

147.   Ormat re-states its answers to Paragraphs 1–146 of the Complaint.

148.   The allegations in Paragraph 148 purport to characterize FLPMA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 148 are inconsistent with FLPMA, Ormat denies them.  The remaining allegations in Paragraph 148 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

149.   The allegations in Paragraph 149 purport to characterize FLPMA and federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 149 are inconsistent with FLPMA or the federal regulations, Ormat denies them.  The remaining allegations in Paragraph 149 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

150.   The allegations in Paragraph 150 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

151.   The allegations in Paragraph 151 purport to characterize a section of FLPMA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 151 are inconsistent with the referenced section of FLPMA, Ormat denies them.  The remaining allegations in Paragraph 151 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

152.   The allegations in Paragraph 152 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

## THIRD CLAIM FOR RELIEF

### *BLM's Consultation Violates the NHPA.*

153.   Ormat re-states its answers to Paragraphs 1–152 of the Complaint.

154.   The allegations in Paragraph 154 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

155.   The allegations in Paragraph 155 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

156.   The allegations in Paragraph 156 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

157.   The allegations in Paragraph 157 purport to characterize BLM land use plans and an EA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 157 are inconsistent with the land use plans or the EA,

Ormat denies them.  The remaining allegations in Paragraph 157 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

158.   The allegations in Paragraph 158 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

159.   The allegations in Paragraph 159 consist of legal arguments, to which no response is required.  To the extent any response is required, Ormat denies the allegations.

## REQUEST FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' request for relief, to which no response is required.  To the extent any response is required, Ormat denies that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

Ormat hereby denies all allegations, whether express or implied, including any allegations reflected in section headings, in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

A.   Plaintiffs fail to state a claim upon which relief may be granted.

B.   Plaintiffs lack standing to assert some or all of their claims.

C.   Some or all of Plaintiffs' claims are barred by statute.

D.   Some or all of Plaintiffs' claims are barred by the ripeness doctrine.

E.   Some or all of Plaintiffs' claims are barred because they failed to exhaust administrative remedies.

F.   Plaintiffs have waived some or all of their claims.

G.   Some or all of Plaintiffs' alleged injuries do not fall within the interests protected by statute.

H.   Ormat incorporates by reference the defenses asserted or to be asserted in forthcoming filings, including filings by any other defendant in this action.

1

2

3    DATED: October 19, 2023

4                              By /s/ Matthew G. Adams

5                                  Matthew G. Adams (CA Bar No. 229021)
                                   William C. Mumby (CA Bar No. 324540)
6                                  Samantha R. Caravello (CO Bar No. 48793)
                                   KAPLAN KIRSCH & ROCKWELL LLP
7                                  One Sansome Street, Suite 2910
                                   San Francisco, CA  94104
8                                  Tel: (415) 907-8704
                                   Fax: (415) 907-8717
9                                  madams@kaplankirsch.com
                                   wmumby@kaplankirsch.com
10                                 scaravello@kaplankirsch.com

11
                                   Laura R. Jacobsen (NV Bar No. 13699)
12                                 ORMAT TECHNOLOGIES, INC.
                                   6140 Plumas Street
13                                 Reno, NV  89519
                                   Tel: (775) 356-9029
14                                 Fax: (775) 356-9039
                                   ljacobsen@ormat.com
15

16
                                   Darren J. Lemieux (NV Bar No. 9615)
17                                 Lucy C. Crow (NV Bar No. 15203)
                                   LEWIS ROCA ROTHGERBER CHRISTIE LLP
18                                 One East Liberty Street, Suite 300
                                   Reno, NV 89501-2128
19                                 Tel: (775) 823-2900
                                   Fax: (775) 823-2929
20                                 dlemieux@lewisroca.com
                                   lcrow@lewisroca.com
21

22                                 Attorneys for Defendant-Intervenor-Applicant
                                   Ormat Nevada Inc.
23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the October 19, 2023, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all parties on the e-service list.

*/s/ Matthew G. Adams*

ORMAT NEVADA INC.'S ANSWER TO FIRST AMENDED COMPLAINT